MuNeo, J.,
dissenting. Apart from tbe utter insufficiency of tbe proof to establish a prescriptive right to tbe use of tbe cut in question as a public way, there is another ground which renders the verdict of the jury wholly indefensible. The ground is this: because from the locality of the' cut, and the fugitive character of the acts claimed to establish the right, there was nothing to attract the proprietor’s attention to it, or to apprise him that a right of way was claimed through his land.
In Hutto vs. Tindall, 4 Rich. 403, it is said “ The presumption of a grant of way should be sustained by rules of evidence which may prevent its insidious operation. Too often a use commenced in courtesy, after the prescribed time is claimed adversely, and judicially established as a right. It is only a reasonable security to the land owner that he should be apprised of the adverse claim of a way over his land before the use has matured into a right, whether the way claimed is a neighborhood road or a private way. No reason can be assigned why in this respect any distinction should be made.”
Apply this doctrine to the case in hand.
From the year 1788, when this ditch was first opened, to 1855, when it was obstructed by the plaintiff, there was not a tittle of proof that either the plaintiff or his ancestor were even aware of its existence, much less that it had been used by the neighborhood, and claimed as a public way.
Had the ditch been cut through a portion of his cultivated land, or even through-' any portion of his uncultivated high land, where it could not well have escaped his observation; his knowledge of its existence and acquiescence in its use might fairly have been presumed. But situated as it is, in a wild region of uncultivated marsh, remote from his residence, and withal so insignificant in its dimensions as not to attract observation, there was a total absence of anything upon which *266 to base a presumption, either that be knew of its existence or bad acquiesced in its use.
Under circumstances like these, to permit the verdict of a jury to stand, which appropriates to the public use the property of the'citizen, is at once to. abandon the rights and the property of the honest land owner as a prey to the lawless rapacity of squatter sovereignty.

Motion dismissed.